INGRAHAM, Respondent, v. BURTON et al., Appellants.

## No. 8747; July 23, 1883.

**Mortgage Foreclosure.—In Ejectment by a Mortgagee to recover** the premises after due foreclosure proceedings, the mortgagor cannot defend his withholding possession on the ground of equities now set up for the first time.

APPEAL from Superior Court, San Diego County.

Conkling & Hunsaker for respondent; A. B. Hotchkiss for appellants.

ROSS, J.—It is clear that by the patent the legal title to the premises described in the complaint was vested in Maria A. Burton, Nellie Burton and Henry H. Burton. These persons subsequently mortgaged the property, the mortgage was foreclosed and by means of the foreclosure proceedings their title became vested in the plaintiff. All this was prior to the commencement of the present action, which is ejectment. The complaint is in the usual and approved form of such actions. The answers, except in so far as they contain details of the averments of the complaint, are insufficient to constitute a defense to the action. If, as is alleged in the answer of the defendant H. H. Burton, the title that was conveyed by the patent to Maria A. Burton, Nellie Burton and H. H. Burton, was conveyed to them in trust for the creditors of H. S. Burton, deceased, and that the plaintiff was cognizant of that fact at the time of his purchase, or if, as is alleged in the answer of the defendant Maria A. Burton, the property in question is a part of the estate of H. S. Burton, deceased, and that she, as his widow, is entitled to have a homestead carved out of the said property, the steps necessary to secure the rights, if any, of such creditors and the present defendants do not appear to have been taken. In this action the legal title must prevail, no such equities being set up as would control that title. Indeed, no affirmative relief whatever is sought. On the issues material to the determination of the case, the court found in favor of the plaintiff, and we cannot say the findings are unsustained by the evidence.

Judgment and order affirmed.

We concur: McKee, J.; McKinstry, J.